will begin with our first case, 21-9504. Garrola-Perez v. Garland. I know I messed that up, forgive me Mr. Hartman, but if you would please make your appearance and proceed. May it please the court, good morning your honors. Thank you. This is Fred Hartman for the 21-9504. To get started, I would just like to, I guess, talk about the immigration court process a little bit, just because what it looks like we have here is a situation where my client applied for voluntary departure at a master hearing, which is the first hearing in immigration court, and then the immigration judge, when they got to the final hearing, forgot about the voluntary departure application. He adjudicated the cancellation of removal and denied that, but he didn't think about, didn't remember the voluntary departure application. Well, I might as well ask you this question now. I mean, the notion that the immigration judge forgot, I think that the BIA would suggest that your client did not pursue, and would it be fair to characterize that? At least it seems to me that the BIA made a waiver determination, in effect, your client abandoned the request for voluntary departure. So the immigration judge, at least as I understood the BIA opinion, did not forget. They just felt it wasn't on the table anymore. So why should we view that as being wrong? Your honor, I guess my position would be that once the applicant makes the application for the voluntary departure, unless he abandons it or withdraws it, I think it's still pending. And that's pretty typical of how things work in immigration court, is at a master hearing, a person identifies that they're applying for the voluntary departure. They may or may not stay this at the final hearing right before the record is closed. But the master hearing is to identify the forms of relief that are before the court. Yes, but there are plenty of years that passed in between the master hearing and this final hearing. And then at the final hearing, the immigration judge, if my memory serves me, asked twice, is there anything else? And there was no response. Let me ask on this, specifically on this question about sort of a continuing request that exists absent withdrawal. You put a fine point on that, and you were fibrous in terms of stating that point, but you didn't have any citation to authority to suggest that that is, in fact, the law. I mean, so what's your best authority for the fact that that's exactly that there could be such a continuing request? Yes, your honor. So I guess the authority would just be that's generally how it works in immigration court. I couldn't find any cases on point saying that that continues until the end of the proceedings. But generally, that's how it works, is that once a person identifies that form of relief, the judge needs to adjudicate it. In this case, the immigration judge didn't say that the voluntary departure was waived, withdrawn, or abandoned. Well, they didn't use the word waive, but they said they certainly reached the conclusion that it wasn't before the BIA essentially made a determination that it was waived. But I want to go back to even your initial hearing. I mean, I have a hard time seeing that as a motion. This is just a situation where at that master calendar hearing, the judge says voluntary departure and the alternative, and the answer is yes, thank you, your honor. I mean, how can that really be a petition when there are elements that you have to prove in order to be entitled to post-conclusion voluntary departure? And in neither of the merits hearings or in the initial hearing, was there anything put on, any testimony evidence put on that your client had established by clear and convincing evidence that he has the means to United States voluntarily and the intention to do so? The record is completely devoid of any evidence on this point. So even if you did make such a motion, you didn't provide any basis to grant it. Yes, thank you, your honor. I mean, I guess first, there's no requirement that there be a motion for voluntary departure. It's really just a statement on the record. There's no cancellation of removal or other types. But there are requirements before it can be granted, right? And the burden is on your client to show that those requirements are met. Correct. And if the immigration judge had decided that he didn't meet that burden and had denied his application on that basis, that would be a different case because in this case, the judge just didn't even consider the application. I mean, I guess the judge... Because you didn't ask the judge to. You didn't ask the immigration judge. I mean, in normal civil proceedings, if somebody is challenging that the judge didn't make a decision, we're always saying, where did you ask the judge to make that decision? I mean, the burden is on the movement to say, there's an outstanding motion here. And as Judge Holmes already pointed out, the immigration judge repeatedly said, anything else, anything else. And Your Honor, I think that they don't necessarily need to say anything else if it's already pending. Yes, it would have been better. They would have to prove they're entitled to it. Of course, it would have been better if the attorney at the time had reminded the immigration judge that there was a pending application for voluntary departure. But I don't think that they would have to say that again at the final hearing if that's already been applied for at a master hearing. I would say, just for example, I mean, if in a different context, an attorney makes an objection on the record to certain evidence and the judge lets it in, his objection, he doesn't necessarily have to make the objection again if the judge has already decided to let that evidence in. And if he doesn't say it at the final hearing, the objection's already in the record and it's already been made. But that's an objection. That's not a request for relief. And let me drill down on one point, tease out one thing from your colloquy with Judge McHugh. And that is, one could say, quite apart from the waiver issue, why is this request, because the BIA, I think, described it as an expression of interest, why was that even a legally cognizable request? I mean, phrasing it that way, quite apart from whether you have to have a written motion, don't you have to do a certain amount of things so that you have a cognizable request on the table for voluntary departure? I mean, one could use the language of a primary case or something of that sort. Why wouldn't you have to do that at some point? I think just because there's no application form for voluntary departure, that's just somebody says on the record verbally that they're applying for voluntary departure. There's no required filing for that. There's no paper form. There's no motion required. I guess I took that off the table. I'm not talking about you needing to have a form. What I'm saying is, even if we could view two points or more than two points in time, let's say at the time that the expression of interest, as the BIA called it, was made, and then over the ensuing years, in order for this, either at the master hearing or later, wouldn't you have to say, okay, at least say these are the things that I can show in a proper form as it relates to the criteria? Quite apart from having to put forward a paper form, don't you have to make a prima facie case at some point? Yes, Your Honor. Of course, there would have to be evidence to meet the requirements, the one year of physical presence, the good moral character, the lack of disqualifying crimes, and the means to depart the United States in the intention to do so. Admittedly, there was no testimony specifically on point regarding the intention to deport the United States. I think there's enough evidence in the pages and pages of testimony there that the judge could make a decision on the voluntary departure application. Well, I thought some about that, and that may be a reasonable position, but the reality is, it's not the burden of the judge to scour the record and say, and connect the dots, is it? I assume you accept that premise, that it wasn't his obligation to say, oh, you know, I look at the evidence that's been presented, and if I think about it, I could put together a voluntary departure argument for you. I mean, that's not his job, is it? His or her job. Yes, Your Honor. I guess the judge's job, though, would be to adjudicate the application, and if my client didn't present enough evidence for eligibility for the voluntary departure, the judge could have decided and said, it looks like there's no evidence regarding intentions of the part, or something like that, and could have said, I'm denying voluntary departure on that grounds, or something like that, rather than just ignoring the request altogether. Okay, so let's try this hypothetical. At the end of the hearing, after the judge has said, is there anything else, twice, and counsel has said no, at that juncture, the immigration judge is still required to say, oh, by the way, you had this application for voluntary departure, and when I look through the record, and I see the evidence that was entered, I don't think there's enough, or there is enough. Are you saying that that's the obligation of the immigration judge in that context? I think that once the application for voluntary departure is pending, and the court has it in their system as an application for relief, yes, I think that the the application. And you haven't given you, but you don't have any authority to indicate beyond the fact that that's what's always done, that somehow or other, there's this continuing request that exists over the course of several years, and over the course of multiple proceedings. I mean, what are we going to do with that? And beyond that, let me ask this question. Did you even make that argument to the BIA? I looked at your brief. I see nothing about some continuing objection made to the BIA. Not objection, I'm sorry, request for ruling. So I guess with the BIA, the argument was that the immigration judge forgot about the voluntary departure, and the brief didn't say more than a couple paragraphs about that. Mostly because it was pretty clear from the record that the judge just totally forgot about note that and send it back to the judge for adjudication of that application. Well, I think we're here because it's not all that readily clear. It's not certainly not clear to me by reading the transcript. And so it comes down to the question of whether, why would one believe that that objection was still viable? And your argument is, well, it was still viable because it wasn't withdrawn. Well, if you don't make that argument to the BIA, how's the BIA supposed to be situated to know that that's a theory you're pursuing? I guess just because we did bring up the fact that the application for voluntary departure was pending and didn't get adjudicated. You didn't bring it up in the merits hearings, right? So correct? Correct. Okay. So you could look at this and say the immigration judge and the attorney for the party both forgot that there had been this indication that there would be a motion for voluntary and I think it's pretty clear the burden falls on the person who is seeking the relief here. Yes. I understand your question, your honor. May I just be excused just because I see that I only have about two minutes left if I could save some of that time for rebuttal, if I may. That's fine. Thank you. Good morning, your honors. Good morning. My name is Sana Lee representing the attorney general. Your honors, as Judge Holmes and Judge McHugh have indicated, the petitioner failed to meet his burden to show that he was eligible for voluntary departure. Well, he never put on any kind of effort to show that he was eligible. So it was clearly his burden to make that effort and he never did make that effort. I mean, if we parse through the record, I think we can put together from the record that indeed he was physically present in the United States for a period of at least a year and we can walk through that there's been no indication he's not a person of good moral character. I mean, we could piece it together with the exception, I mean, there's financial information in there too, but there isn't any statement that I saw about his intention to depart. But I mean, where that information is there, is this just a housekeeping thing where it was pending and the court just forgot about it and we should let the court go back and decide it based on the record that's there? No, your honor. I don't believe that it was pending. It was the petitioner's burden to show that he still wanted that relief, that he was actually pursuing that relief. So, you know, in 2009, his attorney, just in response to the immigration judge's question, said, oh yes, I'm interested in that as well as cancellation of removal. And then eight years went by and he never mentioned it again. And he was represented throughout the proceedings. He switched attorneys at one point. And at the final hearing, as Judge Holmes pointed out, immigration judge said, okay, you know, we've wrapped up the hearing on cancellation of removal. Is there anything else? And gave the parties an opportunity to at that point. And the petitioner's counsel said, no, your honor. And that was that. Counsel, let me ask you a question about, have you ever tried any of these cases at the IJ level? Have I? Yes. No, your honor. I was a law clerk in an immigration court, so I did observe some hearings a long time ago. Okay. Well, your practical knowledge. So, what we get from the petitioner's attorney here is that this is the way it works. You just bring it up in your initial hearing. And then at some point, the judge is going to decide it. And I'm just curious from your own experience, if there's a dispute on that, because it seems to me that in any other case, I mean, I've never had one. I've never tried a case before an immigration judge, but it seems to me that it's like any other case. You may bring it up as a matter of, hey, I intend to raise this. And then when it comes time to put on your case, you put on your case. You don't put on a different case and then leave it to the judge to, you know, pick through the case you put on to see if another theory might work. I mean, what's your experience in that from the time you clerked on the court? Well, I mean, from what I recall, and also from just other cases I've handled in my current position, which has been many cases over many, many years, the petitioner's counsel will, at the end of the hearing, say, oh, judge, let me tell you about the evidence, you know, and put on a case about voluntary departure. And, you know, they'll go over the good moral character requirement and whether the alien has the means to depart and intends to depart, all of those criteria, the petitioner's attorney will go through those requirements and put on that evidence. So I have not seen this theory before that it's a continuing application and the IJ has the burden to comb through the case for the petitioner. Are you aware of any administrative rules or any statutory provisions that would support, I mean, there's been no cases cited, but I guess, are there any administrative rules or statutory provisions that could support that theory? No, not that I'm aware of, your honor, and the petitioner's counsel in this case has put no authority in his opening brief or the reply brief to your court to support that theory. Let me ask you this question. Regarding the request, the BIA described it, I think, as an expression of interest initially in the master calendar hearing. Is it your position that there is nothing wrong with making that request in the master calendar hearing? In other words, the timing of it was not problematic, but at some point the criteria needed to be shown. There needed to be a showing relative to the substantive criteria supporting the request. Is that fair? Yes, your honor, that's fair. It's permissible to request it at an initial master calendar hearing, but at some point, it's the individual's burden to show that he is eligible for that relief, and he never did that in this case. Okay, and then let me back up and ask a sort of overarching standard of review question. My recollection of your brief was that you advanced a substantial evidence standard as if this were a factual issue that we were reviewing. There is no factual dispute here, is there? I mean, under one view, this is a discretionary decision by the BIA that this issue of voluntary departure was not pursued, that it was abandoned, and in effect, a waiver determination by the BIA. That's not a factual determination, is it? Well, your honor, it seems that it is a factual question to the extent that the petitioner's argument to the board was that the immigration judge forgot this application, and that doesn't seem to be supported by the record, by the facts in the record. Well, that wasn't the predicate for the, well, the BIA said that he didn't pursue it. I mean, the underlying historical facts, requests made, no further requests made at any point, those historical facts aren't disputed, right? The only question is what's the import of those facts? Well, I believe that petitioner's counsel is disputing that to this court that that he did make this application, that he applied, whereas the board said he did not apply, he did not pursue the relief, the IJ did not forget any application. So, to that extent... Well, to the extent that there's a, I don't recall this forgot thing coming up in the BIA's decision, but to the extent that the forgot issue is off the table, BIA, in effect, says, no, there was no forgetting, you didn't pursue. The question of whether this lapse of time results in an abandonment of the issue, we have cases, I think, that acknowledge that the BIA can make waiver determinations, and I guess what I'm trying to get at is how to wrap our law around what the BIA did, and it appeared to me that that footnote was, in effect, saying you abandon any relief request that you made. Is that fair? Well, Your Honor, yeah, I think it's... I mean, you cite a case like that, the Sink case or something out of the Sixth Circuit, the panel decision, I mean, where that's, in effect, what happened. I mean, it was viewed as SICA. In effect, it was a determination that the BIA could exercise its discretion to deem this to be weight, and in fact, we, in another case, have embraced this concept of waiver, so I guess I'm just trying to wrap our existing precedent around this and see where you disagree. I mean, what's your characterization of what the BIA did? Oh, well, Your Honor, I think the board did determine that he didn't pursue the relief, so I guess to the extent that the board made that determination and the court believes that it's more of an abuse of discretion issue, the government would argue that this board did not abuse its discretion. Well, I mean, wouldn't there be a problem with this being a fact-finding issue anyway? Because the IJ didn't do anything. I mean, it's not like the IJ did anything or not do anything on this issue. The record is solid. So to the extent that this is a matter of the BIA making factual determinations, it's not supposed to do that, right? Well, Your Honor, I believe that in the case that I cited to the court, which involved BIA determining that the petitioner had waived appeal from the IJ's decision. If you're talking about the SICA case, they did that under an abuse of discretion. Right. No, there was a 10th Circuit case, Ariaga, Alvarado. It was an unpublished case. And in that case, the board found that the petitioner had knowingly and intelligently waived appeal of the immigration judge's decision. And did the immigration judge actually make a determination of waiver in that situation, or did the immigration judge do anything? There was a discussion between the IJ and the petitioner where immigration judge said, you're not going to appeal this case to a higher court. Do you agree? And the individual was, yeah. And then this court, the 10th Circuit, in an unpublished case, determined that this colloquy provided substantial evidence to support the board's finding that the individual knowingly and voluntarily waived his right to appeal the IJ's order. What's the citation of the case you're reading, Ariaga? 483 Federal Appendix 520. Thank you. You're welcome. So, Your Honors, to answer your question, whether it's an abuse of discretion determination or whether it's a factual finding, the government believes that the board did not err, did not make an error in this case. Whether it's a finding that the petitioner did not pursue relief or whether it's a determination by the board that the petitioner waived this application or abandoned the application, the board did not make an error in this case, Your Honors. And the petition for review should be denied. Thank you. Thank you. Thank you, counsel. Mr. Hartman? Yes, thank you, Your Honor. I guess in the time I have left, I'd like to just say that, you know, how much time has to pass before an application for voluntary departure at a master hearing is somehow waived or abandoned? I mean, if the final hearing was a week later, if it was a month later, if it was a year later, if it's 10 years later, you know. If it's a week later and you let the proceedings after being asked twice, anything else, and without saying, judge, you need to decide this issue. Yeah, I think it's waived. I would respectfully disagree with that, Your Honor. I think, you know, the application for voluntary departure is made at the master hearing and the judge hears the evidence and decides after the merits hearing. I just, I know in a lot of immigration cases, the voluntary departure is sort of an afterthought because, you know, most people don't, you know, they want to stay here and stay with their families and all that. So there's a lot of times not a whole lot of discussion of the voluntary departure at the merits hearing, but that doesn't mean that they're not applying for that in the alternative of giving a deportation order. Well, the question, though, becomes, Mr. Hartman, who has the responsibility to connect the dots? I mean, I'm troubled by or can't really fathom the obligation that you seem to be willing to put on the IJ to sort of discern, to sit through the record and connect the dots when you're, especially in a case like this, where affirmatively there was a no, I'm not pursuing anything else. Why should the IJ say, oh, by the way, I remember you raised voluntary departure and let me look at what the record shows as it relates to voluntary departure. I mean, surely that's not a rule that surely you don't see that every day. Correct. Although I would say that once a person at a mass hearing asks for voluntary departure, that immigration judges are usually pretty good about considering that in the alternative after the hearing. You know, they generally don't make the attorneys, you know, do a closing statement necessarily about the voluntary departure. That's just something that's there. Rather than giving somebody a deportation order, they get a voluntary departure and they leave the United States without actually getting deported. But the question isn't really, you know, in most instances, the IJ will assume there's such a motion and deal with it. The question is where the proceedings are ending and the obviously the immigration judge hasn't dealt with it and says, is there anything else? And counsel for the petitioner sits on her hands and doesn't say, oh, by the way, we have a request for voluntary departure. I think the issue is who has the burden exactly like Judge Holmes said. And I think the burden falls on the petitioner who statutorily has the burden here. Yeah. Yes, your honor. I guess my response to that would be that the burden is an evidentiary burden. And if the immigration judge says you haven't met your burden, that generally means you haven't. You know, it's part of a decision on the application. So the burden isn't necessarily that you have to bring it up right before the records close. It's just you have to establish with the evidence that the person qualifies. So I think that the evidentiary burden is different from the application itself being made. And I guess I would just say, where did the voluntary departure application go? If it was made at a master hearing, where did it go? There isn't a physical motion, is there? There's a question and voluntary departure. Yes. Thank you, your honor. So eight years later, that's the record of your alleged petition for voluntary departure. The immigration judge now, eight years later, is supposed to go back and read the transcript of that hearing and say, oh, there's this motion here. I mean, that doesn't seem workable. I guess my response to that would be, you know, the immigration judge after the master hearing, they should be keeping track of what the applications for relief are. The written decision of the immigration judge lists on the first page right at the top, applications for relief. So I think the immigration judges do put in their file as soon as an application for relief is made, they do write that down and that should be in there. And if a new judge comes in, I mean, they're supposed to review the entire record, even if it was a different judge, you know, at the end of the case. And they would be able to note that and it should go into the computer system, I believe, as an application for relief that's pending. Thank you, counsel. We appreciate your comments, arguments, cases submitted.